JUDGE OETKEN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**13 CV 6905**

| | |
|---|---|
| J.W. and L.W. individually, and on behalf of Jake W., a minor,<br><br>        Plaintiffs,<br><br>        -against-<br><br>THE NEW YORK CITY DEPARTMENT<br>OF EDUCATION,<br><br>        Defendant. | **COMPLAINT**<br><br>ECF<br><br>Case No.:<br><br>Hon. |







LAWRENCE D. WEINBERG (LW7841)
Attorney for Plaintiffs

233 East 89th Street, 2A
New York City, NY 10128
646-422-7943
Fax: 718-228-5935

c/o Susan Luger Associates, Inc.
Special Education Advocates
155 West 72nd Street
Suite 201
New York, NY 10023
212-769-4644
Fax: 212-501-8090

lawrenceweinberg@gmail.com

1

**COMPLAINT**

Plaintiffs, J.W. and L.W., individually and on behalf of their special needs child,

Jake W., (collectively referred to as "Plaintiffs"), for their Complaint against Defendant

New York City Department of Education, by their attorney Lawrence D. Weinberg,

allege as follows:

PRELIMINARY STATEMENT

1.      This action is brought pursuant to the Individuals with Disabilities

Education Improvement Act (formerly the Individuals with Disabilities Education Act),

20 U.S.C. § 1401, *et seq.* (hereafter the "IDEA"), to ensure a disabled child's right to a

free appropriate public education. It is brought upon receipt of a defective state

administrative decision from which plaintiffs are aggrieved. Parents seek modified *de*

*novo* review of a State Review Officer's (the "SRO") July 19, 2013 Decision No. 12-107

and an impartial hearing officer's (the "IHO") April 13, 2012 Decision.

2.      Plaintiffs are the parents of a disabled child who was denied access to a

free appropriate public education ("FAPE") in the 2011-2012 school year by the

Defendant School District by way of its Committee on Special Education ("CSE").

Plaintiffs seek tuition reimbursement for their appropriate unilateral placement. This

Complaint is filed pursuant to the IDEA, supra, New York State's implementing laws and

regulations, Article 89 of the New York State Education Law, N.Y. Educ. Law §§ 4401

*et seq.*; 8 NYCRR §§ 200 *et seq.*, and public policy to obtain such reimbursement.

JURISDICTION AND VENUE

3.      Jurisdiction of the U.S. District Court is invoked under 20 U.S.C. §

1415(i)(2) providing for jurisdiction and a right of action for a party "aggrieved by the

findings and decision" of an impartial due process hearing. Jurisdiction is also conferred

1

by 28 U.S.C. § 1331, providing for jurisdiction of all civil actions arising under the laws

of the United States. This Court may order declaratory and injunctive relief pursuant to

28 U.S.C. §§ 2201 and 2202. The Court has pendent jurisdiction to adjudicate any state

claims, which may arise out of the same facts as the federal claims asserted herein

pursuant to 28 U.S.C. § 1367.

4.      Venue is properly laid in the United States District Court for the Southern

District of New York, as authorized by 28 U.S.C. § 1391.

## THE PARTIES

5.      Plaintiff Jake W. (the "child" or "Jake") is a ten-year-old child and,

therefore a minor. The child has been classified as a child with a disability, as that term is

defined by 20 U.S.C. § 1401(3), and therefore, is entitled to receive free appropriate

special education and related services from defendant the New York City Department of

Education. Plaintiffs J.W. and L.W. are the parents and natural guardians of plaintiff

child. At all relevant times plaintiffs resided and continue to reside in Richmond County,

New York City, New York.

6.      The child and the parents are not expressly named within this complaint,

because of the privacy provided in the federal IDEA Statute as well as the Family

Educational Rights Privacy Act ("FERPA"), 20 U.S.C. §1232.

7.      Defendant New York City Department of Education ("DOE" or

"defendant") is, and was at all material times,  a corporate body, created by Article 52 of

the New York State Education Law, CLS Educ. Law § 2550 *et seq.*, that manages and

controls the educational affairs of the New York City public schools.

8.      Defendant is the "local educational agency" as defined by 14 U.S.C. §

1401(19) and 34 C.F.R. § 300.28 responsible for providing the child with a free

appropriate public education.

9.      Defendant is comprised of service regions that serve special needs

children. Defendant's service regions are all part of the same corporate body, the New

York City Department of Education. During the 2011-2012 school year the child was

educated within Service Region 09.

10.     New York State and the DOE have established policies and procedures,

both written and informal, concerning the implementation of the IDEA. The DOE

receives funding pursuant to the IDEA, 20 U.S.C. § 1412, and therefore must comply

with the statute's provisions.

11.     Defendant's principal place of business is located at 52 Chambers Street,

New York County, New York City, New York. Defendant's principal place of business is

located in the Southern District of New York.

12.     Plaintiffs reside in defendant's school district. The DOE is responsible for

providing a free, appropriate public education to all students with disabilities, including

the child, who reside in the defendant's school district pursuant to statutory rights arising

under the Federal IDEA statute, its implementing regulations, and the applicable Part 200

Regulations implemented in New York State, to the extent such regulations are not

inconsistent with the IDEA statute.

## FACTUAL ALLEGATIONS

13.     Parents bring this action under the IDEA to recover the costs of sending

the child to the Rebecca School (the "chosen school") for the 2011-2012 school year.

14.     Congress enacted the IDEA to ensure that students with disabilities, such as the child, have meaningful access to public education. States who participate in the IDEA receive substantial federal funds in exchange for their agreement to provide a free appropriate public education to all disabled children in the state, and to comply with the IDEA's procedural and substantive mandates.

15.     New York State has chosen to participate in the IDEA framework, and has established procedures for providing special educational services to children with disabilities, set forth at N.Y. Educ. Law § 4401 et seq.

16.     The primary mechanism for insuring implementation of the IDEA's mandate of a free appropriate public education is the Individualized Education Plan ("IEP"), as defined by 20 U.S.C. §§ 1401(14), 1414(d). An IEP is a written statement, prepared for every child with a disability, that sets forth the special education and related services, supplementary aids and services, and program modifications or supports for school personnel, to be provided to the child, or on behalf of the child to enable that child to achieve a comprehensive set of annual goals and short-term objectives.

17.     The IEP is then implemented in a specific classroom at a specific school, which is the child's placement. Defendant typically first notifies a parent of the specific classroom placement by a final notice of recommendation ("FNR"). The FNR provides parents with the program recommendations on the IEP and the name of the school that will implement the IEP. Before receiving the FNR a parent usually has no knowledge of where the child will attend school. Once a parent receives the FNR they can contact the school and learn information about the proposed school and classroom placement.

18.     The child has a long history of difficulties in school. By reason of the

child's disability, he/she requires special education and related services. The child is

acknowledged by defendant to be a child with a disability as defined by 20 U.S.C. §

1401(3).

19.     The child requires special education and related services to accommodate

these disabilities so that she/he can receive a free appropriate public education in

defendant's schools.

20.     The child has autism and was classified as having autism on the May 24,

2011 IEP, which was the IEP for the relevant time period. The classification of the

child's disability is not in dispute.

21.     Jake is significantly impaired. He has difficulty communicating and

tantrums easily.

22.     On May 24, 2011, pursuant to the IDEA, a committee on special education

(the "CSE") met and generated an IEP for the child (the "May 24, 2011 IEP").

23.     Parents cooperated in all ways with the CSE.

24.     The May 24, 2011 IEP, proposed for the 2011-2012 school year, violates

IDEA procedural requirements in ways that resulted in a denial of educational

opportunity. These violations independently constitute denial of FAPE.

25.     The May 24, 2011 IEP, was procedurally and/or substantively defective

for the following reasons:

> a. The IEP and placement offered used the ABA methodology, which
>
> was not appropriate for the child.

26.     On June 8, 2011, defendant sent plaintiffs an FNR informing them of the proposed school placement.

27.     The proposed classroom placement was procedurally and/or substantively defective for the following reasons:

        a.  The IEP and placement offered used the ABA methodology, which was not appropriate for the child.

28.     On June 27, 2011, parents notified the CSE that the child would attend the chosen school for the 2011-2012 school year.

29.     During the 2011-2012 school year, the child attended Rebecca School and has attended that school for the 2010-2011, 2011-2012, and 2012-2013 school years. The 2010-2011 and 2012-2013 school years were settled between parties.

30.     The cost of attendance at the chosen school from for the 2011-2012 school year was $94,750.00. The tuition at the chosen school is reasonable relative to the services received by the child.

31.     The program at the chosen school for the 2011-2012 school year was individually tailored to the needs of the child and the child made progress at the chosen school.

32.     Pursuant to 20 U.S.C. § 1415(f) and 8 N.Y.C.R.R. § 200.5(i), on October 5, 2011, parents initiated an administrative due process proceeding against the defendant, in order to secure reimbursement and other relief pursuant to the federal IDEA statute (the "due process complaint").

33.     Evidentiary hearings were held on January 3, 2012, January 23, 2012, January 27, 2012, February 3, 2012, and February 27, 2012.

34.     Pursuant to Supreme Court decisions, the hearing addressed three issues:

1. Whether the defendant's proposed services made available pursuant to the child's IEP

were adequate to provide the child a FAPE; 2. Whether the private education services

obtained by the parent were appropriate; and 3. Whether equitable considerations favor

repayment (the "Burlington/Carter analysis").

35.     NY Educ. Law § 4404(1)(c) provides the defendant has the burden of

proof that the placement it offered the child was adequate and did not deny the child a

free appropriate public education; the statute also provides that defendant has the burden

of proof whether the equitable considerations favor repayment. Parents have the burden

of proof that the educational services chosen by the parents were appropriate.

36.     Under prong one of the Burlington/Carter analysis, a school district may

fail to provide a disabled child with a FAPE through procedural or substantive defects in

the IEP or classroom placement.

37.     Defendant failed to provide the child with a FAPE through procedural

and/or substantive failures in the May 24, 2011 IEP and/or the classroom placement.

38.     Under prong two of the Burlington/Carter analysis, a parent may prove

that the private education services obtained by the parent were appropriate if the

education services were tailored to meet the child's individual needs and the child made

educational progress at the school.

39.     The fact that the private school chosen by the parents has not been

approved by the State Education Department is not dispositive of a parents' claim, so

long as the parents demonstrate that the services that the child receives in the unilateral

placement appropriately meet the child's educational needs.

40.     The school chosen by the parents was appropriate in that, among other things the program at the school was tailored to meet the child's individual needs and/or the child made educational progress at the school.

41.     The program at the chosen school was tailored to meet the child's individual needs and the child made progress at the school as demonstrated by, but not limited to, the following:

42.     Under prong three of the Burlington/Carter analysis, whether equitable considerations favor repayment requires an examination of, the parents' cooperation with the CSE and the reasonableness of the costs of the educational services chosen by the parents.

43.     The parents cooperated with the CSE and the relative costs of the educational services chosen by the parents were reasonable.

44.     Parents did nothing to frustrate a timely review of the child's condition before enrolling the child at private school and did nothing that prevented the DOE from providing the child with a FAPE.

45.     The IHO rendered an initial decision on April 13, 2012. The initial decision found that the IEP and placement were not appropriate because they utilized the ABA methodology, which was not appropriate for the child.

46.     On May 18, 2012, defendant appealed to New York State's second administrative review tier, the State Review Officer of the New York State Education Department.

47.     This is an appeal from the State Review Officer's decision issued on July 19, 2013; that decision is contrary to the evidence and the applicable decisional law. This

appeal also encompasses the failure of the State Review Officer to decide the parents'

appeal within the statutorily permissible time frame. Plaintiffs contend that they have

been denied a free appropriate public education by defendant and that they also have been

denied due process by the State Review Officer.

48.     The SRO's decision is erroneous, and should be reversed since it was

factually inaccurate. Specifically, the SRO found that the child would not have been

educated using discrete trial training. However, the teacher's testimony was specifically

that she used discrete trials. Tr. 156. As such the SRO decision is not entitled to

deference.

49.     Furthermore, the SRO's decision is not entitled to deference because if

there was ambiguity in the proposed classroom teacher's testimony then the deference

would go to the IHO who heard the testimony.

50.     Finally, SRO's decision is not entitled to deference because it was issued

grossly out of time. Specifically state and federal law requires that the SRO issue a

decision within thirty days. 34 C.F.R. § 515 (b) and N.Y. Educ. Law § 4410 (7)(d). The

SRO, however, did not issue a decision until after 393 days.

51.     Plaintiffs have never waived or abandoned any claims or arguments under

the IDEA or state law.

52.     Plaintiffs have exhausted their administrative remedies as required by 34

C.F.R. § 516.

CAUSES OF ACTION

FIRST COUNT

PROCEDURAL REQUIREMENTS OF IDEA

53.     Plaintiffs reiterate, repeat, and reaffirm each and every allegation set forth above as if fully set forth herein.

54.     As described at length above, defendant failed to comply with the procedural requirements of the IDEA.

55.     Defendant failed to ensure that procedural requirements guaranteeing parental participation and due process were used or provided. Defendant's failure to comply with the procedural requirements of IDEA denied the child a free appropriate public education as required by law.

56.     Based on the foregoing, parents' rights, and those of their disabled child, were violated under the IDEA, 20 U.S.C. § 1401, et seq. and the federal regulations promulgated thereunder, 34 C.F.R. Part 300.

57.     Defendant's actions have caused plaintiffs damages. Procedural violations of the IDEA led to a denial of a free appropriate public education for the child. The IDEA specifically provides for an award of tuition reimbursement for parents' proper unilateral placement at the Rebecca School. Plaintiffs are entitled to all appropriate relief available under its provisions, including the specific remedy of tuition reimbursement with ancillary and necessary fees, including attorney's fees.

58.     Parents are entitled to tuition reimbursement under the IDEA regulations and state law because 1. Defendant failed to provide the child with a free appropriate public education; 2. The school chosen by the parents was appropriate in that, among other things, it was tailored to meet the child's individual needs and/or the child made

10

educational progress at the school; and 3. The balance of equities favors reimbursement because the parents cooperated with the CSE and the cost of the school is reasonable relative to the services received by the child.

## SECOND COUNT
### FAILURE TO PROVIDE A FAPE UNDER THE IDEA

59.      Plaintiffs reiterate, repeat, and reaffirm each and every allegation set forth above as if fully set forth herein.

60.      As described at length above, defendant failed to develop or provide a free appropriate public education pursuant to a proper Individualized Education Plan at an appropriate classroom placement for the child that was reasonably calculated to enable the child to receive educational benefit as required by the IDEA.

61.      Based on the foregoing, parents' rights, and those of their disabled child, were violated under the IDEA, 20 U.S.C. § 1401, et seq. and the federal regulations promulgated thereunder, 34 C.F.R. Part 300.

62.      Defendant's actions have caused plaintiffs damages. Violations of the IDEA led to a denial of a free appropriate public education for the child. The IDEA specifically provides for an award of tuition reimbursement for parents' proper unilateral placement at the Rebecca School. Plaintiffs are entitled to all appropriate relief available under its provisions, including the specific remedy of tuition reimbursement with ancillary and necessary fees, including attorney's fees.

63.      Parents are entitled to tuition reimbursement under the IDEA regulations and state law because 1. Defendant failed to provide the child with a free appropriate public education; 2. The school chosen by the parents was appropriate in that, among other things, it was tailored to meet the child's individual needs and/or the child made

11

educational progress at the school; and 3. The balance of equities favors reimbursement because the parents cooperated with the CSE and the cost of the school is reasonable relative to the services received by the child.

THIRD COUNT

ARTICLE 89 OF THE NEW YORK STATE EDUCATION LAW

64.     Plaintiffs reiterate, repeat, and reaffirm each and every allegation set forth above as if fully set forth herein.

65.     As described at length above, defendant failed to develop or provide a free appropriate public education pursuant to a procedurally adequate Individualized Education Plan in an appropriate classroom placement for the child that was reasonably calculated to enable the child to receive educational benefit as required by law.

66.     Or in the alternative, defendant failed to ensure that procedural requirements guaranteeing parental participation and due process were used or provided. Defendant's failure to comply with the procedural requirements of Article 89 of the New York State Education Law denied the child a free appropriate public education as required by law.

67.     Based on the foregoing, parents' rights, and those of their disabled child, were violated under Article 89 of the New York State Education Law and the Regulations of the Commissioner of Education, Part 200.

68.     Defendant's actions have caused plaintiffs damages. Violations of Article 89 of the New York State Education Law led to a denial of a free appropriate public education for the child. Article 89 of the New York State Education Law specifically provides for an award of tuition reimbursement for parents' proper unilateral placement at the Rebecca School. Plaintiffs are entitled to all appropriate relief available under its

12

provisions, including the specific remedy of tuition reimbursement with ancillary and necessary fees, including attorney's fees.

69.     Parents are entitled to tuition reimbursement under the Article 89 of the New York State Education Law because 1. Defendant failed to provide the child with a free appropriate public education; 2. The school chosen by the parents was appropriate in that, among other things, it was tailored to meet the child's individual needs and/or the child made educational progress at the school; and 3. The balance of equities favors reimbursement because the parents cooperated with the CSE and the cost of the school is reasonable relative to the services received by the child.

## FOURTH COUNT
### ERRONEOUS DECISION BY THE SRO

70.     Plaintiffs reiterate, repeat, and reaffirm each and every allegation set forth above as if fully set forth herein.

71.     The State Review Officer failed to properly discharge his duties as required by the IDEA, 20 U.S.C. §1401 et. Seq., the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the Commissioner of Education, Part 200.

72.     The SRO decision relating to the 2011-2012 school year should be reversed for several reasons including, but not limited to, the following:

    a.  Failing to find that Defendant's substantive violations denied the child a FAPE;

    b.  Finding that the child would not have been given ABA discrete trials in the proposed classroom.

13

c. Failing to find that parents were entitled to reimbursement for

tuition from the chosen school.

73. Based on the foregoing, parents' rights, and those of their disabled child,

were violated under the IDEA, 20 U.S.C. § 1401, et seq., the federal regulations

promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education

Law, and the Regulations of the Commissioner of Education, Part 200.

74. Defendant's actions have caused plaintiffs damages. Violations of the

IDEA led to a denial of a free appropriate public education for the child. The IDEA

specifically provides for an award of tuition reimbursement for parents' proper unilateral

placement at the Rebecca School. Plaintiffs are entitled to all appropriate relief available

under its provisions, including the specific remedy of tuition reimbursement with

ancillary and necessary fees, including attorney's fees.

75. Parents are entitled to tuition reimbursement under the IDEA regulations

and state law because 1. Defendant failed to provide the child with a free appropriate

public education; 2. The school chosen by the parents was appropriate in that, among

other things, it was tailored to meet the child's individual needs and/or the child made

educational progress at the school; and 3. The balance of equities favors reimbursement

because the parents cooperated with the CSE and the cost of the school is reasonable

relative to the services received by the child.

## PRAYER FOR RELIEF

Wherefore, plaintiffs respectfully request that the Court:

Conduct an independent review of both the administrative record and

supplementary evidence;

14

Annul the July 19, 2013 decision by the State Review Officer;

Declare that the IEP developed for the 2011-2012 school year was inappropriate, procedurally and/or substantively;

Declare that defendant failed to provide the child with a free appropriate public education;

Declare that Rebecca School is appropriate for the child;

Declare that the equities favor reimbursement of the tuition paid by parents for the child at Rebecca School for the 2011-2012 school year;

Direct defendant to reimburse parents for the costs of tuition at Rebecca School for the 2011-2012 school year and pre-judgment interest;

Direct defendant to directly fund the remaining costs of tuition at Rebecca School for the 2011-2012 school year and pre-judgment interest;

Declare plaintiffs to be the "substantially prevailing party" (for purposes of IDEA's fee shifting provision);

Direct defendant to pay for the costs and expenses of maintaining this action before the IHO and SRO pursuant to 20 U.S.C. § 1415;

Grant leave to plaintiffs to submit a statutory fee application;

Direct defendant to pay for the costs and expenses of maintaining this action, including reasonable attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B); and

Grant such other or further relief that the Court may deem just and proper.

Respectfully submitted,

LAWRENCE D. WEINBERG (LW7841)

15

Attorney for Plaintiffs

233 East 89th Street, 2A
New York City, NY 10128
646-422-7943
Fax: 718-228-5935

c/o Susan Luger Associates, Inc.
Special Education Advocates
155 West 72nd Street
Suite 201
New York, NY 10023
212-769-4644
Fax: 212-501-8090

lawrenceweinberg@gmail.com